BLANK ROME LLP
Caroline P. Donelan (SBN 268762)
CDonelan@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Tel:   424.239.3400
Fax:  424.239.3434

BLANK ROME LLP
Naki Margolis (SBN 94120)
NMargolis@BlankRome.com
555 California Street, Suite 4925
San Francisco, CA 94104
Tel:   510.328.1815
Fax:  415.358.5635

Attorneys for Defendants
AMERISOURCEBERGEN CORP. and
WORLD COURIER GROUND, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OBIE BANAWIS-OLILA,<br><br>               Plaintiff,<br><br>vs.<br><br>WORLD COURIER GROUND, INC., AMERISOURCEBERGEN CORPORATION, and DOES 1 through 200, inclusive,<br><br>               Defendants. | Case No. 3:16-cv-00982<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>*[Filed concurrently with civil cover sheet; notice of related cases; certification of interested entities or persons; and certificate of service]* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants World Courier Ground, Inc. and Amerisourcebergen Corp. ("Defendants") hereby invoke this Court's jurisdiction under 28 U.S.C. § 1332(a) and, pursuant to 28 U.S.C. § 1441, remove this action to federal court from the Superior Court of the State of California for the County of Mateo.

## I.   PLEADINGS AND PROCESS

1. On or around December 21, 2015, Plaintiff Obie Banawis-Olila ("Plaintiff") filed a civil action against Defendants in the Superior Court of the State of California in and for the County of San Matteo entitled *Obie Banawis-Olila v. World Courier Ground, Inc., Amerisourcebergen Corporation, and Does 1 through 200, inclusive,* Case No. CIV536669 ("Complaint"). In her Complaint, Plaintiff alleges ten causes of action related to her employment: (1) violation of California's Equal Pay Act; (2) sex discrimination; (3) sex (gender) harassment; (4) failure to prevent discrimination; (5) failure to provide breaks; (6) failure to provide duty free meal periods; (7) failure to pay overtime compensation; (8) unfair competition; (9) waiting time penalties; and (10) constructive termination in violation of public policy.

2. On January 29, 2016, Plaintiff served Defendant Amerisourcebergen Corporation a copy of the Complaint. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, Summons and Proof of Service is attached hereto as Exhibit A.

## II.   VENUE IS PROPER

3. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441(a). Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As indicated above, Plaintiff brought this action in the Superior Court of California in and for the County of San Matteo. The United States District Court for the Northern District of California encompasses this territory. 28 U.S.C. § 84(a).

### III. THE COURT HAS DIVERSITY JURISDICTION

4. Diversity jurisdiction under 28 U.S.C. § 1332(a) is established where the matter is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. As set forth below, both requirements are established here, thereby affording this Court subject matter jurisdiction over this case.

**A. Complete Diversity of Citizenship Exists Between the Parties.**

5. Federal courts have diversity citizenship over suits "where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009)(citing 28 U.S.C. § 1332(a)). Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Tranps. Ass'n of America,* 300 F. 3d 1129, 1131 (9th Cir. 2002).

**1. Plaintiff is a citizen of California.**

6. For purposes of diversity of citizenship jurisdiction, citizenship is determined by an individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)). "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)).

7. Plaintiff resides in California. (Exh. A, Compl. ¶1). Therefore, for diversity purposes, Plaintiff is a citizen of the State of California. 28 U.S.C. § 1332(a).

## 2. Defendants are **not** Citizens of California.

8. For diversity purposes, a corporation is considered a citizen of any state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp v. Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the "nerve-center" test to determine the state in which a corporation has its principal place of business. *Id.* at 93. Under the "nerve-center" test, the principal place of business refers to the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. "[I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.* at 93.

9. Defendant World Courier Ground, Inc. is incorporated under the laws of Delaware, with its principal place of business in Rhode Island. (See attached Exh. B, Declaration of Vicki L. Bausinger in Support of Defendants' Notice of Removal ("Bausinger Decl.") ¶¶ 3-4). Therefore, Defendant World Courier Ground is a citizen of Delaware and Rhode Island.

10. Defendant AmerisourceBergen Corp. is incorporated under the laws of Delaware, with its principal place of business in Pennsylvania. (Bausinger Decl. ¶¶ 5-6). Therefore, Defendant AmerisourceBergen Corp. is a citizen of Delaware and Pennsylvania.

11. Because Plaintiff is a citizen of California and Defendants are not citizens of California, complete diversity of citizenship exists for the purposes of diversity jurisdiction. *Hunter*, 582 F.3d at 1043.[1]

---

[1] Although the Complaint also names as defendants "Does 1 through 200," (Exh. A, Compl.) the citizenship of fictitious "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(a); *e.g.*, *Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002).

138990.00607/101953558v.1                          3
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

### B. The Amount in Controversy Exceeds $75,000.

12. This is a civil action in which the amount in controversy as alleged exceeds $75,000. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441.

13. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the Plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (denying plaintiff's motion for remand). Under this standard, a good-faith estimate is sufficient; "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages,'" *Korn,* 536 F. Supp. at 1204-05. Rather, the amount must be established by a preponderance standard when the Plaintiff does not plead a specific amount of damages. *Rodriguez v. AT&T Mobility Servs., LLC,* 728 F.3d 975, 981 (9th Cir. 2013). As stated by the Supreme Court, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. LLC et al. v. Brandon W. Owens,* 135 S.Ct. 547, 554 (2014). In addition to the contents of the removal petition, the court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," including declarations. *Korn,* at 1205.

14. Monetary value can also be given to claims for declaratory or injunctive relief and is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).

15. Here, while Defendants deny Plaintiff's factual allegations and deny that Plaintiff is entitled to the relief for which she has prayed, it is clear that the maximum *potential* value of her claims as alleged puts into controversy an amount in excess of $75,000.

16. The Complaint seeks to recover damages, penalties, attorneys' fees, and equitable relief for: (1) violation of California's Equal Pay Act; (2) sex discrimination; (3) sex (gender) harassment; (4) failure to prevent discrimination; (5) failure to provide breaks; (6) failure to provide duty free meal periods; (7) failure to pay overtime compensation; (8) unfair competition; (9) waiting time penalties; and (10) constructive termination in violation of public policy. (Exh. A, Compl.).

17. From December 21, 2011 to September 28, 2015, Plaintiff alleges that her hourly rate was $17 per hour. (Exh. A, Compl., ¶7; *see also*, Plaintiff's Department of Fair Employment and Housing Complaint, DFEH No. 704129-193758, attached as an Exhibit to Plaintiff's Complaint and specifically incorporated therein by reference ("DFEH Complaint")).

18. Plaintiff further alleges that her usual work schedule was 11:30 a.m. to 8:00 p.m., Monday through Friday, and that she worked for Defendants from approximately November 1998 to September 28, 2015. (Exh. A, Compl. ¶1; DFEH Complaint). Plaintiff further alleges that she often worked beyond her normally-scheduled shifts. (DFEH Complaint).

### 1. Plaintiff's "Wage and Hour" Claims Alone Meet the Amount in Controversy Requirement, Placing At Least $76,795.80 in Controversy.[2]

#### a. Plaintiff's fifth cause of action for <u>rest break premiums</u> places at least $16,660.00 in controversy.

19. In her fifth cause of action, Plaintiff alleges that "during plaintiff's employment, defendants failed to provide plaintiff with duty free rest periods as mandated by the [Industrial Welfare Commission] and California Labor Code section 226.7." (Exh. A, Compl. ¶21). Specifically, Plaintiff alleges that "[s]ince 2011, I have never taken or been permitted to take a 10-minute rest period either during the first four or the last four hours of work." (DFEH Complaint).

20. Plaintiff asserts that these violations constitute unfair competition within the meaning of California Business and Professions Code § 17200. (Exh. A, Compl. ¶38).

21. Assuming the Court applies a four year recovery period to Plaintiff's rest break claims by virtue of her unfair competition claim pursuant to California Business and Professions Code § 17208, the applicable recovery period for Plaintiff's fifth cause of action as alleged would be December 21, 2011 through the date her employment ended, on or about September 28, 2015.

22. Plaintiff alleges that Defendants owe Plaintiff "one hour of pay for each occasion on each day plaintiff was denied a duty free rest period." (Exh. A, Compl. ¶22).

23. Thus, as alleged, the Complaint puts in controversy five rest break premiums per week (assuming Plaintiff was entitled to two rest breaks per day, working eight hours a day, five days a week), placing at least $16,660.00 in

---

[2] Again, Defendants do not admit that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages or any other relief sought in the Complaint. Defendants' reference to specific damage amounts is provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

138990.00607/101953558v.1                     6
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

controversy under Plaintiff's rest break claim [5 rest break premiums per week x 196 work weeks[3] x $17 per hour].

### b. Plaintiff's sixth cause of action for <u>meal period premiums</u> places at least $8,075 in controversy.

24. Plaintiff further alleges that during her employment, "defendants failed to provide plaintiff with timely duty free meal periods as mandated by the [Industrial Welfare Commission] and California Labor Code section 226.7." (Exh. A, Compl. ¶26). Plaintiff's DFEH complaint specifically alleges that she was denied duty-free meal periods in "2011, 2012 and most of 2013" and only began receiving 30 minute duty-free meal periods in "October or November 2013." (DFEH Complaint).

25. Assuming the Court also applies a four year recovery period for Plaintiff's meal period claims by virtue of her unfair competition claim, the applicable recovery period for Plaintiff's sixth cause of action as alleged would be December 21, 2011 through October 1, 2013, the first date she alleges she was provided proper meal periods.[4]

26. Plaintiff alleges that Defendants owe Plaintiff "one hour of pay for each occasion on each day plaintiff was denied a duty free meal period." (Exh. A, Compl. ¶27).

27. As alleged, the Complaint puts into controversy at least five meal period premiums per week during the statutory period (assuming Plaintiff was entitled to one meal period per day, working eight hours a day, five days a week), placing at least $8,075 in controversy for Plaintiff's meal period claim [5 premiums per week x 95 work weeks[5] x $17 per hour].

---

[3] Plaintiff's Complaint alleges she worked beyond her regular, full-time shift, including "after hours…all times outside of 11:30 a.m. to 8:00 p.m. Monday through Friday plus all day on weekends and even during [her] maternity leave." (DFEH Complaint). This figure assumes only a regular, full-time shift from December 21, 2011 to September 28, 2015, approximately 196 workweeks.
[4] *See*, Cal. Bus. & Prof. Code § 17208.
[5] See, FN 3; this figure assumes only a regular, full-time shift from December 21, 2011 to October 1, 2013, approximately 95 workweeks.

### c. Plaintiff's seventh cause of action for <u>overtime wages</u> places at least $47,980.80 in controversy.

28. Plaintiff alleges that she worked more than eight hours per day, and that Defendants "willfully failed and refused to pay plaintiff the compensation required by Labor Code section 1198." (Exh. A, Compl. ¶33). Additionally, Plaintiff alleges that she was directed to work after hours in her home to receive and make cell phone calls to and from customers and to send and receive text messages to and from customers, including times outside of 11:30 a.m. to 8:00 p.m. Monday through Friday, plus "all day on weekends" and during her vacations and maternity leave. (DFEH Complaint).

29. Assuming the Court applies a four year recovery period for Plaintiff's overtime claims by virtue of her unfair competition claim, the applicable recovery period for Plaintiff's fifth cause of action as alleged would be December 21, 2011 through the date her employment ended, on or about September 28, 2015.[6]

30. If Plaintiff's allegations are taken as true, the Complaint puts in controversy more than 8 hours of time and one-half overtime per week, placing at least $39,984.00 in controversy for Plaintiff's overtime claim [$17 per hour x 1.5 x 8 overtime hours per week x 196 work weeks].

31. Reasonable attorneys' fees and costs of suit are also recoverable for employees receiving less than the legal overtime compensation applicable to the employee pursuant to Cal. Labor Code § 1194(a).[7] If Plaintiff's attorneys' fees are recoverable as alleged, using a rate of 20%, the Complaint places an additional $7,996.80 at issue for her overtime wage claim, exclusive of interest and costs [.20 x $39,984.00].

---

[6] *See,* California Business and Professions Code § 17208.

[7] The amount in controversy includes attorneys' fees if authorized by statute. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

138990.00607/101953558v.1                     8
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

**d. Plaintiff's ninth cause of action for <u>waiting time penalties</u> places at least $4,080.00 in controversy.**

32. In her ninth cause of action, Plaintiff seeks statutory "waiting time" penalties against Defendants for allegedly willfully failing to timely pay wages due Plaintiff upon discharge in violation of Cal. Labor Code § 203.

33. Plaintiff alleges that Cal. Labor Code § 203(a) requires an employer who willfully fails to timely pay wages to continue to pay the employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages. (Exh. A, Compl. ¶44).

34. Therefore, as alleged, Plaintiff's ninth cause of action places at least $4,080.00 in controversy [$17 per hour x 8 hours per day x 30 days of waiting time penalties].

**2. Plaintiff's Remaining Claims for Discrimination, Harassment, Failure to Prevent Discrimination and Constructive Discharge in Violation of Public Policy Independently Place At Least $75,000 in Controversy.**

35. For example, Plaintiff's first cause of action claims she was paid $9 less per hour than a male dispatcher, Robert Pool, in violation of California's Equal Pay Act ("EPA"). (Exh. A, Compl. ¶7). In relevant part, Plaintiff alleges that she is entitled to recover lost wages, liquidated damages, costs and attorneys' fees pursuant to Cal. Labor Code § 1197.5(g). *Id.*

36. Thus, Plaintiff's first cause of action places approximately $37,440.00 in controversy in the form of lost wages over a two year period [$9 additional per hour owed x 2,080 regular hours per year x 2 years]. Taking into account liquidated damages and attorneys' fees as alleged, this claim places at least $75,000 in controversy.

37. Plaintiff's Complaint also seeks emotional distress damages and punitive damages. (Exh. A, Compl. ¶¶12, 15, 18, 42 and 49). Accordingly, while Defendants expressly deny any and all liability as to Plaintiff, Defendants have a good faith belief

that in light of the injuries alleged, and the extensive relief sought, Plaintiff's Complaint places more than $75,000 in controversy. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, lost earning capacity, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## IV. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET

### A. The Notice Of Removal Is Timely.

38. The Complaint was served on January 29, 2016. (Exh. A, Proof of Service).

39. This Notice of Removal is timely filed, pursuant to 28 U.S.C. §1446(b) because it is filed and served within thirty (30) days after Defendants were first served with the Complaint.[8]

40. No previous Notice of Removal has been filed or made with this Court for the relief sought herein. (Exh. C, Donelan Decl., ¶2).

### B. All Procedural Requirements Have Been Met.

41. 28 U.S.C. § 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings and orders" served on it in the State Court Action. Again, the Complaint, Summons and Proof of Service are attached hereto as Exhibit A.

42. Exhibit A constitutes all of the pleadings, process and orders in the San Matteo County Superior Court action.

43. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a copy of the Notice of Removal with the Clerk of the San Matteo County Superior Court and serving Plaintiff with same. A copy of the Notice to the Superior Court (which is being served on Plaintiff) is attached hereto as Exhibit D.

---

[8] Federal Rules of Civil Procedure, Rule 6(a)(1) provides that, if the last day to file a motion falls on a Saturday, Sunday or legal holiday, as here, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

138990.00607/101953558v.1                    10

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

## V. CONCLUSION

44. Based on the foregoing, Defendants respectfully request that this action be removed from the Superior Court of San Matteo County to the United States District Court for the Northern District of California.

DATED: February 29, 2016          BLANK ROME LLP


By:   */s/ Caroline P. Donelan*
      Naki Margolis
      Caroline P. Donelan
Attorneys for Defendants
AMERISOURCEBERGEN CORP. and
WORLD COURIER GROUND, INC.