UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OBIE BANAWIS-OLILA,

    Plaintiff,

    v.

WORLD COURIER GROUND, INC., et al.,

    Defendants.

Case No. 16-cv-0982-PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss defendant Amerisourcebergen Corporation ("ABC") from the case and motion to dismiss the first, second, third, fourth and tenth causes of action alleged in the complaint came on for hearing before this court on May 18, 2016. Plaintiff appeared by her counsel Frank P. Sarro, and defendants ABC and World Courier Ground, Inc. ("World Courier") appeared by their counsel Naki Margolis. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court GRANTS the motion as follows.

## BACKGROUND

    Plaintiff Obie Banawis-Olila alleges that she was employed by World Courier and ABC from November 1998 until September 28, 2015.  Cplt ¶ 1.  She asserts that she "was harassed and discriminated and retaliated against by defendants, including but not limited to the events described in plaintiff's DFEH Complaint of Discrimination," which she attaches as Exhibit A to the complaint and incorporates by reference.  Cplt ¶ 5.

    In the attached DFEH complaint, plaintiff alleges that she began working for World Courier in November 1998, and that ABC "bought" World Courier in October 2013.  Cplt.

Exh. A.  Plaintiff claims that she worked as a dispatcher, making $17 per hour, and that a male dispatcher was hired in October 2013, was paid $26 per hour.  Id.  Plaintiff alleges that her employer required her to work overtime without compensation, and that she was not paid for that work (or for meal and rest breaks) despite having requested payment for after-hours work.  Id.

Plaintiff asserts that on August 12, 2015, she informed her supervisor that a shipment had been lost, and that after that incident, "management" continually harassed her about the missing shipment, accusing her of conspiring with the driver to steal it.  Id.  She claims that "management" and her supervisor told her that the Department of Homeland Security and the FBI were investigating her because of the lost shipment, that she was threatened with loss of her job or "worse," and that she was "continually questioned" for a month and a half, including by ABC.  Id.

Plaintiff contends that she could not take the pressure of the false accusations and threats, and she felt she had no choice but to quit her job on September 28, 2015.  Id.  She claims she had a nervous breakdown, and tried to commit suicide on October 6 or 7, 2015.  Id.  After she went to the Emergency Room, she was placed in a two-day psych hold.  Id.

She claims that the alleged discrimination and harassment were based on her sex (female), and asserts that her employer also violated the California Equal Pay Act and numerous Labor Code sections by failing to pay for all hours worked, failing to pay overtime, failing to provide proper meal and rest breaks.  Id.  She also believes that because she complained about not getting paid for her after-hours work, her employer retaliated against her and constructively discharged her by unreasonably and falsely accusing her of having some responsibility for the missing shipment.  Id.

Plaintiff asserts nine causes of action in the complaint, against both defendants – (1) violation of the California Equal Pay Act ("EPA"), Cal. Labor Code § 1197.5; (2) discrimination on the basis of sex, in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, et seq.; (3) harassment on the basis of sex, in

violation of FEHA; (4) failure to prevent discrimination, in violation of FEHA; (5) failure to provide rest periods, in violation of Labor Code § 226.7 and applicable IWC wage orders; (6) failure to provide duty-free meal periods, in violation of Labor Code § 226.7 and applicable Wage Orders; (7) failure to pay overtime compensation, in violation of Labor Code § 1198 and applicable IWC wage orders; (8) unfair competition, in violation of California Business & Professions Code § 17200; (9) waiting time penalties, in violation of Labor Code § 203; and (10) constructive termination in violation of public policy.

Plaintiff now seeks an order dismissing ABC from the case, and also dismissing the first, second, third, fourth, and tenth causes of action.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis.

1  Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

2      The allegations in the complaint "must be enough to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.

    Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

B.    Defendants' Motion

    1.    Motion to dismiss claims against ABC

    Defendants seek an order dismissing ABC from the case, arguing that plaintiff has failed to allege any facts showing that ABC was her "employer." They note that the only fact alleged as to ABC is that it "bought World Courier" – or, put another way, that World Courier is now a wholly-owned subsidiary of ABC.

    The motion is GRANTED. Only an "employer" may be liable for discrimination under FEHA. Cal. Gov't Code § 12940(j). Likewise, to state a claim for wrongful termination in violation of public policy, a plaintiff must plead facts showing the existence of an employee-employer relationship. See Holmes v. Gen'l Dynamics Corp., 17 Cal. App. 4th 1418, 1426 n.8 (1993). "An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law." Laird v. Capital Cities/ABC, Inc., 68 Cal. App. 4th 727, 737 (1998). "Corporate entities are presumed to have separate existences, and the corporate form

will be disregarded only when the ends of justice require this result." Id.

"In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees." Id. Thus, the conclusory allegation that ABC "bought World Courier" is insufficient, without more, to state a plausible claim against ABC for any of the causes of action asserted against it. The dismissal is with leave to amend, but only to the extent that plaintiff can allege facts showing that ABC is plaintiff's employer, including facts sufficient to plead dual employment under a recognized theory such as alter ego or integrated enterprise. See id. at 737-42.

2. Motion to dismiss first, second, third, fourth, and tenth causes of action

a. First cause of action

Defendants assert that plaintiff fails to allege facts supporting a violation of California's Equal Pay Act, and that the first cause of action should be dismissed.

Defendants contend that the complaint alleges only a conclusion, without any required facts. They assert that the allegation that defendants violated California's EPA by paying her $17 per hour to work as a "dispatcher" while they paid a newly-hired male "dispatcher" $26 per hour "for the same or substantially similar work at the same workplace location" is insufficient, because it includes no facts in support of plaintiff's conclusion that she was paid less because of her gender or that she and the male dispatcher performed "equal work."

The motion is GRANTED. Plaintiff alleges no facts beyond asserting that she was paid $17 per hour and the male dispatcher (hired in October 2013) was paid $26 per hour, and that the work she and the male dispatcher performed was "substantially similar." The version of the EPA that was in effect at the time of the events alleged in the complaint (and at the time the complaint was filed) prohibited an "employer" from paying an employee "at wage rates less than the rates paid to employees of the opposite sex in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions. Cal. Lab. Code § 1197.5 (former version, effective through Dec. 30, 2015) (emphasis

5

added).

Plaintiff appears to be attempting to plead a claim under the current version of Labor Code § 1197.5. However, the version that was in effect during the relevant time period was "equal" work on jobs that required "equal skill, effort and responsibility" and which were "performed under similar working conditions." See 2015 Cal. Legis. Serv. Ch. 546 (S.B. 358) (West). Plaintiff has not alleged facts sufficient to state a plausible claim that the work was "equal," or supporting the rest of the statutory elements.

The dismissal is with leave to amend, to allege facts showing that the work plaintiff performed was equal to the work the male dispatcher performed, and that the work was on jobs that required "equal skill, effort and responsibility," which was performed under similar working conditions.

          b.        Second cause of action

Defendants argue that the second cause of action for discrimination under FEHA must be dismissed because plaintiff has failed to allege any facts showing that she was discriminated against because of her gender.

To state a prima facie case of discrimination under FEHA, a plaintiff must allege (1) that she was a member of a protected class, (2) that she was performing competently in the position she held, (3) that she suffered an adverse employment action, and (4) some other circumstance that suggests a discriminatory motive by the employer. Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (2000). Defendants contend that plaintiff has alleged no facts sufficient to support the third and fourth elements of this claim.

In opposition, plaintiff asserts that she has adequately alleged facts sufficient to state a claim for gender discrimination. She claims that the allegation that she was paid less than a male dispatcher "for the same or substantially similar work" supports both her gender discrimination claim and her Equal Pay Act claim. She claims that because FEHA declares it an unlawful employment practice for any employer "to discriminate against the person in compensation or in terms, conditions, or privileges of employment," Cal. Gov't Code § 12940(a), she has adequately stated a claim for gender discrimination

6

1  based on the allegation that she was paid less than the more recently-hired male
2  dispatcher.
3  　　　　The motion is GRANTED.  First, the allegation that plaintiff was paid less than a
4  male employee does plead an adverse employment action.   Plaintiff has not alleged
5  facts showing that she suffered any adverse employment action or, indeed, that any
6  action was taken against her because of her gender.  Under FEHA, adverse employment
7  actions include demotion, failure to promote, denial of an available job, adverse job
8  assignments, official discipline, and significant changes in compensation or benefits.  See
9  Guz, 24 Cal. 4th at 355.  Plaintiff does not allege any facts showing that she lost any
10  tangible benefits because of her gender.
11  　　　　Plaintiff asserts that she began working for World Courier in 1998, and worked as
12  a dispatcher making $17 per hour.  Fifteen years later, in 2013, after AmerisourceBergen
13  bought World Courier, a male was allegedly hired to work as a dispatcher at a rate of $26
14  per hour.  While plaintiff might be able to state a claim under the EPA (as indicated
15  above) for this pay differential, she cannot claim an adverse employment action (to
16  support a FEHA discrimination claim) based on the fact that a newly-hired employee was
17  paid more than she had been paid during the period she had been working for World
18  Courier, or based on the fact that she did not receive a raise when the new employee
19  was hired at a higher rate than she was being paid.
20  　　　　In the DFEH complaint, plaintiff asserted that World Courier "took the following
21  adverse actions" against her – "[d]iscrimination, [h]arassment, [r]etaliation, [d]enied a
22  work environment free of discrimination and/or retaliation, [d]enied equal pay, [f]orced to
23  quit."  Cplt Exh. A.  These allegations are too vague and lacking in supporting facts for
24  the claim to survive.  Moreover, the alleged pay differential alone does not constitute a
25  substantial and detrimental employment action under FEHA, because there are no
26  allegations that suggest that plaintiff's pay was decreased because of her sex or that she
27  lost any tangible employment benefit because she was a female.
28  　　　　In addition, plaintiff has alleged no facts showing any connection between

1  defendants' conduct and her gender.  To state a claim, plaintiff must sufficiently plead
2  that the alleged discriminatory conduct was because of her gender – that the adverse
3  employment actions taken against her were substantially motivated by gender
4  discrimination.  See Harris v. City of Santa Monica, 56 Cal. 4th 203, 240 (2013).  The
5  conclusory allegation that "the employer has discriminated against me and harassed me
6  because of my gender or sex (female)," without more, is insufficient to state a claim for
7  sex discrimination.
8        Because the court finds that amendment would be futile, the sex discrimination
9  claim is dismissed with prejudice.

          c.     Third cause of action

11  Defendants argue that the third cause of action for sexual harassment must be
12  dismissed because plaintiff fails to allege facts sufficient to state a claim.  A hostile
13  environment theory asserts that discrimination based on sex has created a hostile or
14  abusive environment.  See Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d 590,
15  608-09 (1989).  FEHA's prohibition against sexual harassment includes protection from a
16  broad range of conduct, "ranging from expressly or impliedly conditioning employment
17  benefits on submission to or tolerance of unwelcome sexual advances, to the creation of
18  a work environment that is hostile or abusive on the basis of sex." Miller v. Dep't of
19  Corrections, 36 Cal. 4th 446, 461 (2005).
20        To plead a hostile work environment sexual harassment claim, the plaintiff must
21  allege facts showing (1) that he/she was subjected to unwelcome sexual advances,
22  conduct or comments; (2) that the harassment was based on sex; and (3) that the
23  harassment was sufficiently severe or pervasive to alter the conditions of employment
24  and create an abusive working environment.  See Kelley v. The Conco Cos., 196 Cal.
25  App. 4th 191, 202-03 (2011); Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264,
26  279 (2006).  Defendants argue that plaintiff has not alleged facts sufficient to show either
27  an adverse action that was motivated by her gender, or that similarly-situated male
28  employees were treated differently than she was.

8

In her opposition, plaintiff claims she has already alleged that she was subjected to unwelcome harassment based on her gender that interfered with her work performance because of defendants' conduct in "repeatedly" threatening her job and stressing that the Department of Homeland Security "was out to get her." While she appears to concede that the complaint fails to state a claim for harassment based on gender, she nonetheless argues that she should be permitted to amend the complaint to allege that "[d]efendants never severely harassed and threatened a male dispatcher who reported a lost shipment as they harassed and threatened plaintiff, a female dispatcher." She contends that this allegation changes the speculative nature of the claim into a "fact" that male dispatchers who reported lost shipments were never as severely harassed or threatened, and were never as intensively investigated and interrogated as plaintiff, a female, was.

Plaintiff also argues that the investigation by her employer was not simply "necessary management of business," but rather that her bosses "took a personal interest" in intimidating her and making her fearful and insecure about her job, making her feel that she was accused of a federal crime, and "stress[ing] her out so severely that she had a nervous breakdown and had to be hospitalized for several days." She claims that her employer was "so angry about a missing shipment that it went outside the bounds of normal workplace behavior to drive plaintiff out of her mind with worry and fear and to force plaintiff out of her job." She contends that "mistreatment" perpetrated by defendants against her for the missing shipment goes well beyond the normal management of a business.

The motion is GRANTED. Plaintiff has pled no facts showing an adverse action taken because of her gender See Harris, 56 Cal. 4th at 240. What plaintiff has instead alleged are the unsupported conclusions that defendants would not have harassed and threatened a male dispatcher who reported a lost shipment as they harassed and threatened her, and that she believes that her employer discriminated against her and harassed her because of her gender or sex. See Cplt ¶ 14 & Exh. A. Plaintiff does not

9

1 allege any facts showing that similarly-situated male employees were treated differently
2 than she was, and merely speculates that a male employee who also owned a transport
3 vehicle and lost a shipment "would" have been treated differently.

4     In addition, plaintiff fails to allege facts showing that she was subjected to
5 unwelcome harassment based on her gender that unreasonably interfered with her work
6 performance by creating an intimidating, hostile, or offensive work environment. See
7 Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010).  An investigation of a
8 lost shipment does not qualify as severe and pervasive conduct.

9     Plaintiff asserts that she informed her supervisor about the missing shipment on
10 August 12, 2015; that she was questioned about the lost shipment; that she was informed
11 that Homeland Security was investigating the missing shipment; that she was questioned
12 about conspiring with the driver to steal the shipment; that she was informed by World
13 Courier management that she might lose her job, "or worse," as a result of the lost
14 shipment; and that she learned from her supervisor that the FBI and National Security
15 Agency were looking for her relating to the investigation into the missing shipment.  She
16 adds that she resigned on September 28, 2015, approximately six weeks after she
17 reported the lost shipment.

18     The court finds that the few facts plaintiff does allege relate to personnel and
19 managerial decisions, not "severe or pervasive" gender-based harassment.

> [T]he Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment.  These are actions of a type necessary to carry out the duties of business and personnel management.  These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment.  Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.  This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 64-65 (1996).

10

Under this standard, plaintiff's conclusory harassment claim cannot survive. The conduct as alleged falls within the scope and course of a manager's supervisory role, and does not rise to the level of "severe" or "pervasive," harassment, much less on harassment based on personal gratification. See id. at 63. Whatever the nature of the investigation into the missing shipment, conducting such an investigation is clearly a personnel management activity, as discussed in Janken, and as such, cannot form the basis of a harassment claim. The motivations of plaintiff's supervisor are irrelevant.

Plaintiff has not pointed to any facts relating to her gender, and has not pointed to any conduct outside the scope of management's job duties, or to any conduct that was sufficiently severe or pervasive or which was undertaken because of her gender and/or prior complaints. Nor has plaintiff identified any facts which, if alleged, would be sufficient to save this claim. Accordingly, the court finds that leave to amend would be futile, and that the dismissal of this cause of action is therefore with prejudice.

        d.      Fourth cause of action

Defendants contend that the fourth cause of action for failure to prevent discrimination must be dismissed for failure to state a claim, because plaintiff has not adequately alleged discrimination. Courts require a finding of actual discrimination or harassment under FEHA before a plaintiff may prevail under § 12940(k) (failure to prevent discrimination). See Kelley, 196 Cal. App. 4th at 208.

The motion is GRANTED. The dismissal is with prejudice, as there is no viable gender discrimination claim.

        e.      Tenth cause of action

Defendants argue that the tenth cause of action for constructive discharge must be dismissed for failure to state a claim. "Constructive discharge occurs when an employer's conduct effectively forces an employee to resign." Turner v. Anheuser-Busch, Inc., 7 Cal. 4th 1238, 1244 (1994), overturned on other grounds, Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 498 (1996). In order to state a claim for constructive discharge, a plaintiff must allege facts showing that the employer either intentionally

1    created or knowingly permitted working conditions so intolerable at the time of the
2    plaintiff's resignation that a reasonable person in the same circumstances would have felt
3    compelled to resign. See id. at 1248-51. The standard by which constructive discharge
4    is determined is an objective one. Id. at 1248.

5          Here, defendants assert that plaintiff has failed to allege facts sufficient to support
6    such a claim. They contend that the few conclusory allegations relating to World
7    Courier's supervisory investigation of the missing shipment fail to support the constructive
8    discharge claim, for the same reasons they fail to support the harassment claim. Plaintiff
9    alleges that she "had no choice but to quit," after she was questioned about the missing
10   shipment, was informed that Homeland Security was investigating the missing shipment,
11   was questioned about conspiring with the driver to steal the shipment, was informed by
12   World Courier management that she might lost her job "or worse" as a result of the
13   investigation of the missing shipment, and learned from her supervisor that the FBI and
14   the National Security Agency were looking for her in connection with the investigation.

15         Defendants argue that because the complaint alleges only that the shipment was
16   lost, that plaintiff reported it to her supervisor, and that the lost shipment was
17   investigated, it fails as a matter of law to allege any "extraordinary" or "egregious"
18   working conditions sufficient to cause a reasonable person to voluntarily resign.

19         In opposition, plaintiff contends that defendants' conduct (as alleged) constitutes a
20   series of actions that "go way beyond the normal management of a business" and
21   instead "reflect a personal animus against [her] designed to drive her out of her mind and
22   out of her job." She also claims that defendants "abused" her and "repeatedly and
23   knowingly falsely accused" her for the purpose of forcing her to quit "because they were
24   sick and tired of her complaints about not being paid proper overtime." The remainder of
25   her argument here is identical to the argument with regard to the harassment claim.

26         The motion is GRANTED. Plaintiff has not alleged any "extraordinary" or
27   "egregious" working conditions that might cause a reasonable person to voluntarily give
28   up his/her job, and has otherwise failed to state a claim for constructive discharge. To

the extent that plaintiff is attempting to inject additional conclusions disguised as facts into her opposition, she cannot so amend her otherwise admittedly deficient complaint.

The dismissal is with leave to amend, to plead facts sufficient to state a claim for constructive discharge, pursuant to the standard set forth above.

## CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is GRANTED. The dismissal of ABC is WITH LEAVE TO AMEND, to plead facts showing that ABC was plaintiff's employer <u>and</u> establishing the theory under which plaintiff claims that two wholly separate corporate entities – ABC and World Courier – were both plaintiff's employer.

The dismissal of the FEHA claims for gender discrimination, sexual harassment, and failure to prevent discrimination is WITH PREJUDICE.

The dismissal of the claim of constructive discharge is WITH LEAVE TO AMEND, to plead facts showing that her employer either intentionally created or knowingly permitted working conditions that were so intolerable at the time of her resignation that a reasonable person in the same circumstances would have felt compelled to resign.

Any amended complaint must state all <u>facts</u> that support each cause of action being asserted. It is improper to attach a DFEH claim as an exhibit to the complaint, and "incorporate by reference" the statement of facts from that DFEH claim. It is also improper to simply copy the DFEH statement of facts and paste it into the complaint. The amended complaint must make clear which facts support which cause(s) of action.

Any amended complaint shall be filed no later than June 20, 2016. No parties or claims may be added to the amended complaint without leave of court.

**IT IS SO ORDERED.**

Dated: May 23, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge