United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OBIE BANAWIS-OLILA,

          Plaintiff,

    v.

WORLD COURIER GROUND, INC., et al.,

          Defendants.

Case No.  16-cv-00982-PJH

**ORDER GRANTING PARTIAL DISMISSAL OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND VACATING HEARING**

Re: Dkt. No. 35

      Before the court is Defendant World Carrier Ground, Inc.'s ("WCG") motion to partially dismiss plaintiff Obie Banawis-Olila's First Amended Complaint ("FAC").  See Dkt. 35.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for August 10, 2016 is VACATED.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion, with leave to amend the complaint, for the following reasons.

## BACKGROUND

      This is an employment dispute, based on violations of the California Labor Code, that was removed from state court on the basis of diversity.  Plaintiff Obie Banawis-Olila worked as a dispatcher for defendant WCG from 1998 until her resignation in September 2015.  FAC ¶ 1 (Dkt. 32).  Banawis-Olila asserts 6 causes of action against WCG: (1) violation of the California Equal Pay Act, Labor Code § 1197.5; (2) failure to provide rest periods, in violation of Labor Code § 226.7 and the applicable Industrial Welfare Commission ("IWC") wage orders; (3) failure to provide duty-free meal periods, in

1   violation of Labor Code § 226.7 and applicable IWC wage orders; (4) failure to pay

2   overtime compensation, in violation of Labor Code § 1198 and applicable IWC wage

3   orders; (5) unfair competition, in violation of California Business & Professions Code

4   § 17200; and (6) failure to pay "waiting time penalties" required by Labor Code § 203 and

5   owed as a result of the failure to pay overtime and provide rest periods.  FAC ¶¶ 6–36.

6          Only the California Equal Pay Act claim ("the EPA claim") is at issue in the instant

7   motion.  The basis for Banawis-Olila's EPA claim is her allegation that WCG "intentionally

8   and willfully pa[id] plaintiff, a female, $17 per hour to work as a dispatcher while

9   defendants paid a relatively newly hired dispatcher, Robert Pool (male), $26 per hour in

10  the same establishment for equal work."  FAC ¶ 7.

11         On May 23, 2016, the court entered an order granting defendants' prior motion to

12  dismiss the original complaint.  See Dkt. 25 ("the May 23 Order").  The court dismissed all

13  claims against former defendant Amerisourcebergen Corporation ("ABC"), the EPA claim,

14  a constructive discharge claim, and a number of claims based on gender discrimination.

15  Id. at 13.  Leave to amend was granted only with respect to the EPA claim, the discharge

16  claim, and the claims against ABC.  On June 16, 2014, Banawis-Olila filed an amended

17  complaint and reasserted her EPA claim.  Dkt. 32.  WCG now brings a motion to dismiss

18  the EPA claim, arguing that the FAC "neglects to cure the deficiencies" identified by the

19  court in its May 23 Order.

20                                      **LEGAL STANDARD**

21         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

22  legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d

23  1191, 1199–1200 (9th Cir. 2003).  To survive a motion to dismiss for failure to state a

24  claim, a complaint generally must satisfy only the minimal notice pleading requirements

25  of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and

26  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

27  8(a)(2).

28  ///

2

United States District Court
Northern District of California

1   A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

2   plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to

3   support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir.

4   2013).  While the court is to accept as true all the factual allegations in the complaint,

5   legally conclusory statements, not supported by actual factual allegations, need not be

6   accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis.

7   Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

8   The allegations in the complaint "must be enough to raise a right to relief above

9   the speculative level," and a motion to dismiss should be granted if the complaint does

10   not proffer enough facts to state a claim for relief that is plausible on its face.  Bell Atl.

11   Corp. v. Twombly, 550 U.S. 544, 555, 558–59 (2007) (citations and quotations omitted).

12   "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13   court to draw the reasonable inference that the defendant is liable for the misconduct

14   alleged."  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not

15   permit the court to infer more than the mere possibility of misconduct, the complaint has

16   alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679.

17   When dismissal is warranted, it is generally without prejudice, unless it is clear that

18   the complaint cannot be saved by any amendment.  Sparling v. Daou, 411 F.3d 1006,

19   1013 (9th Cir. 2005).  "Leave to amend may also be denied for repeated failure to cure

20   deficiencies by previous amendment."  Abagninin v. AMVAC Chem. Corp., 545 F.3d 733,

21   742 (9th Cir. 2008).

22   **ANALYSIS**

23   The court's May 23 Order dismissed the EPA claim because plaintiff "has not

24   alleged facts sufficient to state a plausible claim that the work was 'equal.'"  Dkt. 25 at 6.

25   Plaintiff's original complaint offered only a conclusory allegation that the work performed

26   by Banawis-Olila and Pool was "the same or substantially similar."  Under the applicable

27   version of the EPA, however, plaintiff was required to allege facts showing the positions

28   were (i) "in the same establishment"; (ii) on jobs requiring "equal skill, effort, and

3

United States District Court
Northern District of California

responsibility"; and (iii) "performed under similar working conditions."  Cal. Lab. Code § 1197.5 (former version, effective through Dec. 30, 2015).  The court granted Banawis-Olila "leave to amend, to allege <u>facts</u> showing that the work plaintiff performed was equal to the work the male dispatcher performed, and that the work was on jobs that required 'equal skill, effort and responsibility,' which was performed under similar working conditions."  Dkt. 25 at 6 (emphasis added).

The entirety of Plaintiff's EPA allegations in the FAC are as follows:

> Defendants willfully violated California's Equal Pay Act by intentionally and willfully paying plaintiff, a female, $17 per hour to work as a dispatcher while defendants paid a relatively newly hired dispatcher, Robert Pool (male), $26 per hour <u>in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.  Plaintiff's and Mr. Pool's dispatching jobs were the same; the only difference was that plaintiff and Mr. Pool worked on different shifts; defendants were motivated by plaintiff's gender to pay her less than Mr. Pool because they thought they could get away with paying a female less than a male.</u>  Said conduct violates California Labor Code section 1197.5 and constitutes a willful violation of California's Equal Pay Act.

FAC ¶ 7 (material added by amendment underlined).

Plaintiff's amended complaint adds only a sentence and a half of new material regarding the EPA claim.  The first addition is a conclusory allegation parroting the statutory language.  The second new sentence contains two new allegations: (1) "Plaintiff's and Mr. Pool's dispatching jobs were the same"; and (2) "the only difference was that plaintiff and Mr. Pool worked on different shifts."

The bare assertion that the two jobs are "the same" is simply a legal conclusion not entitled to a presumption of truth.  <u>Iqbal</u>, 556 U.S. at 664.  Although the plaintiff has alleged that "the only difference between the jobs was that plaintiff and Mr. Pool worked on different shifts,"  FAC ¶ 7, the allegation that there was little "difference" in the position is scarcely less conclusory than the allegation that the jobs were "the same."

The FAC does not contain sufficient <u>specific</u>, <u>factual</u> allegations comparing the "skill, effort, and responsibility" required for the two positions.  As a result, the

4

1    amendments to the EPA claim do not satisfy the court's directive in its May 23 order and

2    the pleading standards established in <u>Twombly</u> and <u>Iqbal</u>.  <u>Compare Suzuki v. State</u>

3    <u>Univ. of N.Y. Coll. at Old Westbury</u>, No. 08-CV-4569 TCP, 2013 WL 2898135, at *4

4    (E.D.N.Y. June 13, 2013) ("Bald allegations that male employees were paid more than

5    female employees, however, will not survive a motion to dismiss" when "a plaintiff failed

6    to allege how his or her position and the comparison position were substantially similar");

7    <u>Werner v. Advance Newhouse P'ship, LLC</u>, No. 1:13-CV-01259-LJO, 2013 WL 4487475,

8    at *5 (E.D. Cal. Aug. 19, 2013) ("However, that the male employees were 'similarly

9    situated' is a legal conclusion.  Consequently, this allegation is not entitled to the

10   assumption of truth without factual support.") (citation omitted).  The additional factual

11   details offered in plaintiff's opposition to the motion to dismiss cannot be considered

12   when those facts were not alleged in the FAC.

### CONCLUSION

14        The hearing set for August 10, 2016 is VACATED.  For the foregoing reasons,

15   defendant's motion to dismiss the EPA claim is GRANTED.

16        However, the court will provide plaintiff leave to amend the complaint.  The court

17   warns, however, that it will not be enough to simply add that both Pool and Banawis-

18   Olila's positions required communicating with customers and drivers.  While that is one

19   relevant factor, any amended complaint must provide sufficient facts comparing the "skill,

20   effort, and responsibility" and the "working conditions" of the two positions, as required by

21   the applicable version of the California Equal Pay Act.  The plaintiff is further warned that

22   this is her last chance; the court will not provide leave to amend the EPA claim for a third

23   time.  Any amended complaint must be filed by August 26, 2016.

24        **IT IS SO ORDERED.**

25   Dated:  July 29, 2016

27   _____

28   PHYLLIS J. HAMILTON
     United States District Judge

United States District Court
Northern District of California