UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE BANAWIS-OLILA,<br><br>    Plaintiff,<br><br>    v.<br><br>WORLD COURIER GROUND, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-00982-PJH   (KAW)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 46, 50 |

On October 31, 2016, Defendant World Courier Ground, Inc. filed a motion to compel discovery from non-party Bicol Express, Inc. ("Bicol"), a suspended corporation. (Def.'s Mot., Dkt. No. 46.) Defendant also filed a discovery letter on the same matter. (Def.'s Discovery Letter, Dkt. No. 50.) Defendant seeks information related to Plaintiff Obie Banawai-Olila's employment relationship with Bicol, her payment history from Bicol, Bicol's organizational structure, and Bicol's business records, including transportation records for services performed for Defendant. (*Id.* at 3.) For the reasons stated below, Defendant's motions are DENIED.

## I. BACKGROUND

Plaintiff was employed by Defendant until September 28, 2015, when her employment was allegedly terminated. (Second Amended Compl. ("SAC") ¶ 1, Dkt. No. 39.) Following her termination, Plaintiff filed the instant lawsuit, alleging violation of the California Equal Pay Act, failure to provide breaks and meal periods, failure to pay overtime, violation of the California Unfair Competition Law ("UCL"), and waiting time penalties.

Defendant in turn filed counterclaims against Plaintiff, alleging that Plaintiff resigned after she made material misrepresentations during a company investigation into a missing package. (Counterclaims ¶ 6, Dkt. No. 40.) While employed by Defendant, Plaintiff owned and managed

1  Bicol, a trucking company that was also one of Defendant's third party delivery vendors.

2  (Counterclaims ¶ 8.)  Defendant alleges that Plaintiff would use its time and resources to conduct

3  work for Bicol, and would overcharge Defendant's customers when Bicol was performing delivery

4  services.  (Counterclaims ¶¶ 11, 12.)  In August 2015, Plaintiff informed Defendant that a highly

5  sensitive, military package had gone missing while being transported by Bicol.  (Counterclaims ¶

6  22.)  During the investigation, Plaintiff gave contradicting stories of what had occurred to the

7  package.  On September 24, 2015, Defendant discovered that Bicol was operating without

8  required licenses, and terminated Bicol as a vendor.  (Counterclaims ¶ 26.)  On September 28,

9  2015, Plaintiff abruptly resigned, while her husband, Patricio F. Olila, "apparently fled the country

10  to the Philippines."  (Counterclaims ¶ 28.)

11  On September 21, 2016, Defendant issued two subpoenas to Bicol.  (Donelan Decl. ¶ 3,

12  Dkt. No. 46-1.)  At this time, Bicol's agent for service of process was Mr. Olila.  (Donelan Decl.,

13  Exh. D; Counterclaims at 4 n.1.)  Defendant served the subpoenas at the address listed as the

14  entity address and agent address.  (Donelan Decl., Exhs. D, E.)  The subpoenas were not served on

15  Mr. Olila, however, but on a "Jane Doe," who is described as being between the age of 18 and 21.

16  (Donelan Decl., Exh. E.)

17  No objections were filed to the subpoena, and Bicol failed to produce documents or appear

18  for its deposition.  (Donelan Decl. ¶ 8.)  On October 31, 2016, Defendant filed a motion to compel

19  discovery.  The case was then referred to the undersigned for discovery purposes.  (Dkt. No. 47.)

20  On November 4, 2016, Defendant filed a discovery letter, explaining that it was unable to

21  meet and confer with Bicol due to Bicol's failure to respond, and requesting that the Court grant

22  the motion to compel.  (Def.'s Discovery Letter at 1.)  On November 14, 2016, Plaintiff filed Mr.

23  Olila's declaration, stating that he had not been served any documents relating to the motion to

24  compel discovery, and that he has not resided at the address listed on the California Secretary of

25  State's website since October 25, 2015.  (Olila Decl. ¶¶ 1, 3, Dkt. No. 51.)  On November 16,

26  2016, Defendant filed its reply.  (Def.'s Reply, Dkt. No. 52.)

## II.  DISCUSSION

28  "Under Federal Rule of Civil Procedure 4(h) and 45(b), a subpoena directed to a

United States District Court
Northern District of California

1  corporation or unincorporated association may be served by delivering a copy to an officer,
2  managing agent, general agent, or any other agent authorized by appointment or by law, and
3  mailing a copy to the defendant." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-
4  3955 SC (JCS), 2009 WL 428550, at *2 (N.D. Cal. Nov. 24, 2009). Further, Federal Rule of Civil
5  Procedure 4(h) "authorizes services on individuals in any manner approved under state law,
6  including those individuals who may be served on behalf of corporations and unincorporated
7  associations." *Id.*; *see also Houston Cas. Co. v. Int'l Grand Tours, Inc.*, No. C-07-1188 RMW,
8  2008 U.S. Dist. LEXIS 117207, at *13 (N.D. Cal. Oct. 22, 2008) (when serving subpoena on
9  corporation pursuant to Rule 4(h)(1)(A), "California law requires that service on a corporation be
10 delivered to a designated agent or officer of the corporation").

11 In the instant case, Bicol is a suspended corporation. (*See* Donelan Decl., Exh. D.) A
12 suspended corporation "may be validly served under the authority of [California Code of Civil
13 Procedure] section 416.10, subdivision (b)." *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th
14 295, 308 (1998). Per Section 416.10(b), service on a corporation may be completed by delivering
15 a copy "[t]o the president, chief executive officer, or other head of the corporation, a vice
16 president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief
17 financial officer, a general manager, or a person authorized by the corporation to receive service of
18 process." *See also NGV Gaming, Ltd.*, 2009 WL 4258550, at *2.

19 Here, Defendant served the subpoenas at the address listed on the Secretary of State's
20 website. Defendant did not, however, serve Bicol's agent of process, who has not resided at the
21 address listed since October 2015. (Olila Decl. ¶ 2.) Instead, Defendant served a "Jane Doe," but
22 it is unknown if this person has any connection to Bicol, let alone whether this individual is
23 authorized to receive service on behalf of Bicol. (*See* Donelan Decl., Exh. E.) Thus, the Court
24 finds that Defendant's service of the subpoenas is inadequate, and DENIES Defendants' discovery
25 motions.

26 Defendant must properly serve Bicol with the subpoena, whether by serving the agent of
27 process (Mr. Olila) or, for example, by personally serving the subpoena on Plaintiff, who is
28

3

apparently Bicol's Chief Financial officer.[1] (Def.'s Reply at 3.)

IT IS SO ORDERED.

Dated: December 9, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] Although notice of the subpoena was issued on Plaintiff's attorneys, *see* Donelan Decl., Exh. C, "courts have long held that service on an attorney is not sufficient to compel production or documents or presence at a deposition." *Fujikura Ltd. v. Finisar Corp.*, No. 5:15-mc-80110-HRL (JSC), 2015 WL 5782351, at *6 (N.D. Cal. Oct. 8, 2015).

4